IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ANTONIO AMAR WHITE, § | | |
| Reg. No. 88366-380, § | | |
| Movant, § | | |
| § | | EP-19-CV-59-DB |
| v. § | | EP-17-CR-595-DB-1 |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Movant Antonio Amar White asks the Court to reduce his 80-month sentence through a motion under 28 U.S.C. § 2255. Mot. to Vacate 16, ECF No. 55.[1] For the reasons discussed below, the Court will deny White's motion. The Court will additionally deny White a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

White sold cocaine base (crack cocaine) on four occasions to a confidential source working under the direction of the Federal Bureau of Investigation. His sales occurred during the summer of 2016 in El Paso, Texas. He was indicted by a grand jury on four counts of distributing crack cocaine. Indictment, ECF No. 1. He pleaded not guilty and proceeded to trial. He was found guilty on three counts by a jury.

The Court declared a mistrial and dismissed the fourth count—related to an alleged crack cocaine transaction on July 7, 2016—on the motion of the United States after the jury could not reach a verdict. The Court held White accountable for 2.72 grams of cocaine base sold on June

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-17-CR-595-DB-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

8, 2016, 2.98 grams of cocaine base sold on June 15, 2016, 8.03 grams of cocaine base sold on June 21, 2016, and 21.64 grams of cocaine base sold on July 7, 2016. Presentence Investigation Report ¶ 10, ECF No. 76. The Court referred to the Drug Quantity Table in Sentencing Guideline § 2D1.1 and determined the total of 35.37 grams of crack cocaine resulted in a base offense level of 24. *Id.* at ¶ 18. With a two-level downward adjustment for White's minor role and a criminal history category of V, the Court concluded White's guideline imprisonment range was 77 months to 96 months. Statement of Reasons 1, ECF No. 81. The Court sentenced White to three concurrent 80-month terms of imprisonment. J. Crim. Case, ECF No. 80.

In his direct appeal, White challenged the within-guidelines sentences, claiming that the Court erred in determining his base-offense level. *United States v. White*, 739 F. App'x 255 (5th Cir. 2018), *cert. denied*, No. 18-7181, 2019 WL 660083 (U.S. Feb. 19, 2019). White argued the Court made a mistake in calculating the drug quantity used to determine his offense level under Sentencing Guideline § 2D1.1 because it included 21.64 grams of crack cocaine allegedly sold to a confidential informant on July 7, 2016—the basis of the dismissed fourth count—as relevant conduct.

The Fifth Circuit Court of Appeals rejected White's argument. *United States v. White*, 739 F. App'x 255, 256 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1208 (2019). It concluded the Court "did not clearly err in finding that the 21.64 grams of cocaine sold to the confidential informant in July was relevant conduct." *Id.*

White now asserts four claims in his § 2255 motion:

(1) White contends his trial counsel provided constitutionally ineffective assistance when he failed to advocate to the Court—because the jury could not reach a

verdict on a fourth count—that it should not consider the 21.64 grams of crack cocaine sold to a confidential informant on July 7, 2016, as relevant conduct under Sentencing Guideline § 1B1.3. He argues "[h]ad counsel advocated to the Court that § 1B1.3 fails to speak of hung juries, and because White was not guilty, the specific intent offense was not part of a common scheme or plan ..." Mot. to Vacate 5, ECF No. 90.

(2) White maintains the Court erred when it aggregated the total amount of crack cocaine—including the 21.64 grams of crack cocaine allegedly sold to a confidential informant on July 7, 2016—to determine his base offense level. He claims "the offense level was based not on the offense of conviction, but 'so called' relevant conduct the Court charged pursuant to § 1B1.3 of the Guidelines. As alluded to above, that conduct was not proven to a jury beyond a reasonable doubt." Id. at 7.

(3) White avers his appellate counsel was constitutionally deficient by failing to raise "all trial error claims" in his direct appeal. Id. at 9.

(4) White suggests the Court failed to properly calculate his sentence. He explains the Court "imposed a sentence of 80 months on each of the three offenses Petitioner was convicted of by combining the drug quantities under each count." Id. at 11. He argues "the double jeopardy clause was violated when the Court imposed the sentences based on the exact same facts which make up the guidelines for count one." Id. at 12.

White asks the Court to vacate his sentence and resentence him—presumably based on his sale of 13.73 grams of crack cocaine to the confidential source in the three counts of conviction. Id. at 16.

## APPLICABLE LAW

A § 2255 motion "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors that occurred at trial or at sentencing. *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131 (5th Cir. 1987). Before a court will grant relief, however, the movant must establish that (1) his "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without

jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). Ultimately, the movant bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)).

## ANALYSIS

### A. Ineffective Assistance of Trial Counsel (Claim (1))

White first claims his trial counsel provided ineffective assistance when he failed to advocate to the Court—because the jury could not reach a verdict on a fourth count—that the Court should not consider the 21.64 grams of crack cocaine allegedly sold to a confidential informant on July 7, 2016, as relevant conduct as defined in Sentencing Guideline § 1B1.3. Mot. to Vacate 5, ECF No. 90.

A movant may collaterally attack a sentence in a § 2255 motion by alleging ineffective assistance of counsel pursuant to the Sixth Amendment. *Lee v. United States*, 137 S. Ct. 1958, 1963–64 (2017). A court analyzes an ineffective-assistance-of-counsel claim pursuant to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail, a movant must show (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 689–94. This means a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and

unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001). In other words, "counsel's assistance is deficient if it falls 'below an objective standard of reasonableness.'" *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (quoting *Strickland*, 466 U.S. at 688). "[T]o prove prejudice, 'the defendant must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002). "Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim." *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997). As a result, "[a] court need not address both components of the inquiry if the defendant makes an insufficient showing on one." *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).

The record simply does not support White's claim. It shows White's counsel *did* argue the Court should *not* consider the 21.64 grams of crack cocaine allegedly sold to a confidential informant on July 7, 2016, as relevant conduct as described in Sentencing Guideline § 1B1.3. White's counsel argued the evidence was unreliable and, therefore, should not be considered for sentencing:

> In this case, not only did the jury deadlock on Mr. White's guilt of Count Four, there is no reliable evidence in the Government's purported proof on that count that he committed a criminal offense, or indeed, that the evidence presented reflected a criminal offense by anyone. The Government's star witness was shown to be a serial liar, repeatedly lying to everyone including the agents to further his own purposes and eventually terminated as an informant due to his criminal behavior and mendacity. The video and audio recording of the claimed buy, which that witness controlled, was so incomprehensible as to be nearly valueless as evidence. This is simply not the sort of reliable evidence upon which a court should rely to add drug weight for sentencing purposes. The 21.6 grams attributed to Count Four should be deleted from the amount of cocaine base for which he is held responsible.

Def.'s Obj. to Presentence Investigation Report 2, ECF No. 76-3.

Sentencing Guideline § 1B1.3, Relevant Conduct, provides:

> the base offense level . . . shall be determined on the basis of . . . all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

U.S. Sentencing Guidelines Manual § 1B1.3 (U.S. Sentencing Comm'n 2016). As a result, the "traditional rule concerning the proper calculation of drug quantities is that 'in drug distribution cases quantities of drugs not specified in the count of conviction are to be included in determining the base offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction.'" *United States v. Thomas*, 932 F.2d 1085, 1087–88 (5th Cir. 1991) (quoting *United States v. Byrd*, 898 F.2d 450, 452 (5th Cir. 1990) (per curiam)).

The Court heard the argument of White's counsel. But it determined the 21.64 grams of crack cocaine White allegedly sold to the confidential informant on July 7, 2016, were part of the same course of conduct as White's three counts of conviction, rejected counsel's argument, and overruled counsel's objection. Sentencing Tr. 3, ECF 86. The Court then determined—according to the Drug Quantity Table in Sentencing Guideline § 2D1.1—the total amount of 35.37 grams of crack cocaine sold by White to the confidential source resulted in a base offense level of 24. The Court's conclusion was subsequently affirmed by the Fifth Circuit:

> Based on White's personal involvement in the July transaction, the similarities between the June offenses and the July offense, and the temporal proximity of the July transaction to the earlier transactions, the reliable evidence shows by a preponderance of the evidence that the July transaction was part of the same course of conduct or common scheme or plan. *See United States v. Ocana*, 204 F.3d 585, 589–90 (5th Cir. 2000); *see also United States v. Hinojosa*, 749 F.3d 407, 415 (5th Cir. 2014). In addition, White did not present any evidence at the sentencing hearing to demonstrate that the drug quantity was "materially untrue, inaccurate or

unreliable." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). Based on the foregoing, the district court did not clearly err in finding that the 21.64 grams of cocaine sold to the confidential informant in July was relevant conduct for which White should be held accountable.

*White*, 739 F. App'x at 256.

All four counts in the indictment alleged White sold crack cocaine to a confidential source in June and July of 2016 in El Paso, Texas. Consequently, White's counsel could not reasonably argue that the alleged sale to the confidential source in count four was not part of the same course of conduct—or part of a common scheme or plan—as the three counts of conviction. *Thomas*, 932 F.2d at 1087–88. But his counsel could and did argue the evidence concerning the July 7, 2016, sale alleged in count four was unreliable—and the Court should not rely on it to add to the drug weight in counts one, two, and three for sentencing purposes.

The Court considered and rejected counsel's argument. Counsel's failure to further pursue this argument was "not ineffective lawyering; it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Counsel's actions were reasonable.

White has the burden of showing " 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.' " *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689). Here, White cannot meet this burden and cannot show his counsel's performance was either deficient or prejudiced his defense. *Strickland*, 466 U.S. at 689–94. White is not entitled to § 2255 relief on this claim.

### B. Court Error (Claims (2) and (4))

White maintains in his second claim the Court erred when it aggregated the total amount of crack cocaine sold to the confidential informant—including the 21.64 grams of crack cocaine

allegedly sold on July 7, 2016—to determine his base offense level. Mot. to Vacate 7, ECF No. 90. Indeed, he asserts, "the offense level was based not on the offenses of conviction, but 'so called' relevant conduct this court charged pursuant to § 1B1.3 of the Guidelines." *Id.*

White suggests in his fourth claim the Court failed to properly calculate his sentence. He explains the Court "imposed a sentence of 80 months on each of the three offenses Petitioner was convicted of by combining the drug quantities under each count." *Id.* at 11. He argues "the double jeopardy clause was violated when the Court imposed the sentences based on the exact same facts which make up the guidelines for count one." *Id.* at 12.

The Fifth Circuit rejected White's second claim in his direct appeal when it determined "the district court did not clearly err in finding that the 21.64 grams of [crack] cocaine sold to the confidential informant in July was relevant conduct for which White should be held accountable." *White*, 739 F. App'x at 256. "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

White's fourth claim is also without merit. Sentencing Guideline § 3D1.2, Groups of Closely Related Counts, provides:

> All counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm within the meaning of this rule:
> . . . .
> (b)  When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.
> . . . .
> (d)  When the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior.

U.S. Sentencing Guidelines Manual § 3D1.2 (U.S. Sentencing Comm'n 2016).

In this case, all counts involved substantially the same harm, were connected by a common criminal objective, and constituted part of a common scheme or plan. So, counts one, two, and three "were grouped for guideline calculation purposes" in accordance with Sentencing Guideline § 3D1.2(b) and (d). Presentence Investigation Report ¶ 17, ECF No. 76. As a result, the offense level was properly determined based on the total "quantity of substance involved"—35.37 grams of crack cocaine.

Furthermore, "[r]elief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights. . . . A district court's technical application of the [Sentencing] Guidelines does not give rise to a constitutional issue." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Consequently, a claim concerning a court's application of the Sentencing Guidelines is not cognizable under § 2255. *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994).

White is not entitled to § 2255 relief on either of these claims.

### C. Ineffective Assistance of Appellate Counsel (Claim (3))

White avers his appellate counsel was constitutionally deficient by failing to raise "all trial error claims" in his direct appeal. Mot. to Vacate 9, ECF No. 90. Specifically, he claims "the Hung Jury Count could have resulted in an order from the Court of Appeals directing the Court to resentence Petitioner." *Id.*

"An accused is constitutionally entitled to the effective assistance of counsel on a direct appeal as of right." *Lombard v. Lynaugh*, 868 F.2d 1475, 1479 (5th Cir. 1989) (citing *Evitts v. Lucey*, 469 U.S. 387, 392 (1985)). Thus, "[t]he *Strickland* standard applies to claims of

ineffective assistance by both trial and appellate counsel." *Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1997). However, "[c]ounsel is not obligated to urge on appeal every nonfrivolous issue that might be raised (not even those requested by defendant)." *West v. Johnson*, 92 F.3d 1385, 1396 (5th Cir. 1996). Instead, counsel is obligated only to raise and brief "[s]olid, meritorious arguments based on directly controlling precedent." *United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999). In order to prove appellate counsel provided ineffective assistance, a defendant must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir.2000). This reasonableness standard requires counsel "to research relevant facts and law or make an informed decision that certain avenues will not prove fruitful." *Id.* (quoting *Williamson*, 183 F.3d at 462).

White's appellate counsel raised two issues in his direct appeal:

I. In calculating White's Sentencing Guidelines range, did the district court err by including, as relevant conduct, an amount of crack cocaine alleged in a count for which the jury did not find him guilty?

II. Does a sentence that is reasonable only because of facts found by a judge violate a defendant's Sixth Amendment right to a jury trial?

UNITED STATES OF AMERICA, Plaintiff-Appellee, v. Antonio Amar WHITE, Defendant-Appellant, 2018 WL 2165574 (C.A.5). White's issues—including an issue addressing the consequences of considering the "Hung Jury Count" at his sentencing—were rejected by the Fifth Circuit on their merits. *White*, 739 F. App'x at 256.

White has not shown the decision by his appellate counsel not to raise other, unspecified issues fell below an objective standard of reasonableness. *Phillips*, 210 F.3d at 348. Therefore, White has not shown prejudice from the failure to raise these issues, and his appellate

counsel was therefore not ineffective for failing to raise them.

White is not entitled to § 2255 relief on this claim.

## EVIDENTIARY HEARING

The Court can resolve White's issues on the basis of the conclusive record in this case. Therefore, an evidentiary hearing is unnecessary. *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983) ("Finding the complaint devoid of factual or legal merit, . . . no hearing is necessary.").

## CERTIFICATE OF APPEALABILITY

A movant may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). In cases where a district court rejects a movant's constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

Here, White's § 2255 motion fails because he has not identified a transgression of his constitutional rights or alleged an injury that would, if condoned, result in a complete miscarriage of justice. Additionally, reasonable jurists could not debate the Court's reasoning for the denial of his § 2255 claim on substantive grounds—or find that his issues deserve

encouragement to proceed. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, the Court will not issue a certificate of appealability.

## CONCLUSION AND ORDERS

The Court concludes, for the reasons discussed above, that White's claims are without merit. Consequently, the Court enters the following orders:

**IT IS ORDERED** that White's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 90) is **DENIED,** and his civil cause is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that White is **DENIED a CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this 27th day of February 2020.

DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE